Carl Russell Johnson v. Commissioner.
Johnson v. Commissioner
Docket No. 73671.
United States Tax Court
T.C. Memo 1960-99; 1960 Tax Ct. Memo LEXIS 190; 19 T.C.M. (CCH) 531; T.C.M. (RIA) 60099; May 19, 1960
*190 Carl Russell Johnson, pro se., 1903 Longwood Avenue, Los Angeles, Calif., Charles F. Quinlan, Esq., for respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: The respondent determined a deficiency in petitioner's income tax for the year 1956 in the amount of $692.90. The sole issues for decision are whether respondent erred in disallowing the deduction of certain business expenses and the deduction of a bad debt. Findings of Fact Petitioner is an individual who resides at Los Angeles, California. He filed his 1956 income tax return with the district director of internal revenue at Los Angeles. The return was filed on the cash receipts and disbursements method. During 1956, petitioner performed services for Allied Music Studios, among others. He derived $611.48 income from those services and claimed a deduction of $2,652.78 on his 1956 return for expenses incurred with respect to those services. Of the latter amount, the respondent allowed the deduction of $611.48 as outside salesman expenses and disallowed the balance for lack of substantiation. The respondent disallowed in its entirety a deduction for a claimed bad debt in the amount *191 of $510. Opinion The only evidence introduced by petitioner with respect to his claimed business expenses were monthly memoranda on a single-sheet printed form entitled "Record of Income and Expenses." Associated with these forms were invoices which substantiated the actual payment of certain of the expenses. The expense items listed include many personal living expenditures unrelated to any business activity. While we are satisfied that the petitioner made the payments in question, the evidence fails to substantiate their relation to petitioner's business on an item by item basis. The petitioner's own testimony concerning his business activities in 1956 was so vague as to have no evidentiary value. The respondent allowed the deduction of $611.48 of the expenses in question, a determination which is entirely reasonable under the circumstances. With respect to the claimed bad debt, there is no evidence of when and for what purpose the debt was created, how it was evidenced, when it became worthless and, indeed, why it became worthless. In view of the complete failure of proof in this regard, the respondent's determination must be sustained. Decision will be entered for the respondent. *192